T.C. Summary Opinion 2004-123


UNITED STATES TAX COURT


BRIAN MONTWILLO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14348-03S.          Filed September 7, 2004.


Brian Montwillo, pro se.

<u>Henry E. O'Neill</u>, for respondent.


THORNTON, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a $3,192 deficiency in petitioner's 2001 Federal income tax. The issues presented are whether petitioner can claim dependency exemption deductions, a child tax credit, and head-of-household filing status for 2001.

## Background

When he filed his petition, petitioner resided in Kapolei, Hawaii.

Petitioner and Anita Oliver-Montwillo (Ms. Oliver-Montwillo) were married in 1991. On June 23, 1997, they separated pursuant to a written separation agreement and remained separated until their divorce in 2002. They have two children (the children).

During 2001, petitioner resided in Kapolei, Hawaii, and Ms. Oliver-Montwillo lived with her mother, Marie Oliver, in Mahopac, New York. During 2001, Ms. Oliver-Montwillo had legal and physical custody of the children. During 2001, petitioner paid $8,809.40 in child support, which represented more than half the children's total support for that year.

Ms. Oliver-Montwillo did not waive her right to claim the children as dependents for the 2001 tax year. Nevertheless, on his 2001 Federal income tax return, petitioner computed his tax using head-of-household filing status and claimed dependency exemption deductions and a child tax credit with respect to the

children.  Marie Oliver also claimed dependency exemption deductions for the children on her 2001 Federal income tax return.

On May 27, 2003, respondent issued a statutory notice of deficiency to petitioner, disallowing the dependency exemption deductions and child tax credit, and changing his filing status to single.

## Discussion

Because we decide this case on the preponderance of the evidence, without regard to the burden of proof, section 7491(a) is inapplicable.

### 1.  Dependency Exemption Deductions

A taxpayer is allowed a dependency exemption deduction for each dependent.  Sec. 151(a), (c).  To qualify as a taxpayer's dependent, the taxpayer's child generally must be under age 19 (age 24 if the child is a student) and receive over half of his or her support from the taxpayer during the taxable year.  Secs. 151(c)(1)(B), 152(a).

Pursuant to the provisions of section 152(e)(1), as relevant here, the custodial parent is generally entitled to the dependency exemption deduction, if the parents provide over half the child's support and the taxpayers are separated under a written agreement.  As an exception to this general rule, the noncustodial parent may be entitled to claim the dependency exemption deduction if (1) the custodial parent releases her

claim to the dependency exemption deduction by signing a written declaration to that effect, and (2) the noncustodial parent attaches this written declaration to his income tax return. Sec. 152(e)(2).

During 2001, Ms. Oliver-Montwillo was the custodial parent of the children. During 2001, the children received over half their support from their parents, who were separated under a written separation agreement. Pursuant to section 152(e)(1), then, Ms. Oliver-Montwillo is entitled to claim the dependency exemption deductions for 2001. She has not released her claim to the exemptions for 2001. Petitioner is not entitled to the dependency exemption deductions for 2001.

2. Child Tax Credit

Section 24 allows a tax credit for each "qualifying child" of a taxpayer. Sec. 24(a). To be a qualifying child, an individual must, among other things, qualify as the taxpayer's dependent. Sec. 24(c).

As just discussed, the children do not qualify as petitioner's dependents. Therefore, petitioner is not entitled to claim the child tax credit.

3. Filing Status

An individual qualifies as a head of household if, among other things, he is not married at the close of the taxable year and maintains a home that serves as the principal place of abode

for his children for more than half the taxable year.  Sec.
2(b)(1).

On the basis of all the evidence, we conclude that
petitioner did not maintain a home that served as the principal
place of abode for the children for any part of 2001.  We sustain
respondent's determination that petitioner's proper filing status
for 2001 is single.[2]

Decision will be entered

for respondent.

---

[2] Respondent has not raised and we do not consider any issue
as to whether petitioner's proper filing status for 2001 should
be married filing separately.